UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 23-40011

SHELLY BROOKS, SHANNON DYER, JOVANNA MEROLLA, and REBECCA THOMAS, Individually and on behalf of all others similarly situated,
    Plaintiffs

v.

UMASS MEMORIAL MEDICAL CENTER, INC.,
    Defendant

**ANSWER TO AMENDED CLASS ACTION COMPLAINT**

Defendant, UMass Memorial Medical Center, Inc., hereby answers the Amended Class Action Complaint by Plaintiffs, Shelly Brooks, Shannon Dyer, Jovanna Merolla and Rebecca Thomas, individually and on behalf of all others similarly situated, as follows:

**PARTIES**

1.    Defendant admits that Plaintiff Brooks is an individual. Defendant is without information or knowledge sufficient to form a belief as to the truth of where Plaintiff Brooks resides. Defendant denies that Plaintiff Brooks was employed by UMass Memorial Medical Center, Inc.  Answering further, Defendant states, upon information and belief, that Plaintiff Brooks was employed by UMass Memorial Health – Harrington Hospital, Inc.[1]

2.    Defendant admits that Plaintiff Dyer is an individual. Defendant is without information or knowledge sufficient to form a belief as to the truth of where Plaintiff Dyer

---

[1]    UMass Memorial Medical Center, Inc. and UMass Memorial Health – Harrington Hospital, Inc. are non-profit, independent and wholly-owned subsidiaries of UMass Memorial Health Care, Inc.

resides. Defendant admits that Plaintiff Dyer was employed by UMass Memorial Medical Center, Inc. until October 15, 2021.  Answering further, Defendant states, upon information and belief, that Plaintiff Dyer was also employed by UMass Memorial Health – Harrington Hospital, Inc.

3. Defendant admits that Plaintiff Merolla is an individual. Defendant is without information or knowledge sufficient to form a belief as to the truth of where Plaintiff Merolla resides. Defendant denies that Plaintiff Merolla was employed by UMass Memorial Medical Center, Inc.  Answering further, Defendant states, upon information and belief, that Plaintiff Merolla was employed by UMass Memorial Health – Harrington Hospital, Inc.

4. Defendant admits that Plaintiff Thomas is an individual. Defendant is without information or knowledge sufficient to form a belief as to the truth of where Plaintiff Thomas resides. Defendant admits that Plaintiff Thomas was employed by UMass Memorial Medical Center, Inc.

5. Defendant denies it operates multiple hospitals and admits the remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 merely characterizes the Amended Class Action Complaint, to which no response is required.

7. Defendant is without information or knowledge sufficient to form a belief as to the truth of where Plaintiffs Brooks and Thomas reside. Defendant admits that its principal office is located in Worcester County.  The allegation as to whether venue is proper calls for a legal conclusion to which no response is required. Answering further, Defendant states that it removed

this action from the Massachusetts Superior Court to the United States District Court for the District of Massachusetts on February 2, 2023.

8. The allegation set forth in this paragraph calls for a legal conclusion to which no response is required. Answering further, Defendant states that it removed this action from the Massachusetts Superior Court to the United States District Court for the District of Massachusetts on February 2, 2023.

**Factual Background[2]**

9. Defendant states that the COVID-19 Immunization Policy, effective September 15, 2021, speaks for itself.  Answering further, Defendant states that the COVID-19 Immunization Policy was announced by UMass Memorial Health Care, Inc. and applied to all its subsidiaries with employees.

10. Denied. Answering further, Defendant admits that if an employee did not receive a first dose of Pfizer or Moderna, or one Johnson & Johnson vaccine by early-December 2021, and did not have an approved medical or religious exemption, the employee would be terminated by early-December.

11. Paragraph 11 refers to a written document, which speaks for itself, and therefore, no further response is required.

12. Denied.  Answering further, Defendant admits only that Plaintiff Thomas submitted a request for a religious exemption to the COVID-19 vaccine mandate and that UMass Memorial Health Care, Inc. provided a COVID-19 religious exemption form for employees of its

---

[2] Defendant does not admit any factual allegations that could be construed from the headings included within the Amended Class Action Complaint; Defendant includes the headings merely to replicate the format of the Amended Class Action Complaint for the Court's convenience.

{Client Matter 15602/00616/A8190979.DOCX}   3

entities to request the exemption. Answering further, paragraph 12 refers to a written document, which speaks for itself.

13.     Paragraph 13 refers to a written document, which speaks for itself, and therefore, no further response is required.

14.     Denied.  Answering further, Defendant admits that it provided notices of the consequences of failing to obtain the COVID-19 vaccine unless a religious or medical exemption was granted, which, being in writing, speak for themselves.

15.     Denied.

**Plaintiffs' Sincerely Held Religious Beliefs**

16.     Denied as to Plaintiff Thomas.  Defendant is without sufficient knowledge or information to answer with respect to the remaining Plaintiffs.

17.     Defendant is without information or knowledge sufficient to respond to the allegations set forth in paragraph 17 and leaves Plaintiffs to their proof.

18.     Defendant states that the allegation in paragraph 18 as to "Biblical teachings" is vague and ambiguous, and therefore, Defendant cannot admit or deny the allegation as to the first sentence of paragraph 18. Answering further, the quotes in paragraph 18 refer to written documents, which speak for themselves.

19.     Defendant is without information or knowledge sufficient to form a belief to respond to the allegations set forth in paragraph 19 and leaves Plaintiffs to their proof. Answering further, the quotes in paragraph 19 related to scriptures refer to written documents, which speak for themselves.

20.     Defendant is without information or knowledge sufficient to respond to the allegations set forth in paragraph 20 and leaves Plaintiffs to their proof.

21. Denied.

22. Defendant states that paragraph 22 calls for expert analysis and thus, Defendant is without information or knowledge sufficient to form a belief as to the allegation set forth in paragraph 22.

23. Defendant states that paragraph 23 calls for expert analysis and thus, Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 23.

24. Paragraph 24 refers to a written document, which speaks for itself.

25. Denied.

26. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 26 and leaves Plaintiffs to their proof.

27. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 27 and leaves Plaintiffs to their proof.  To the extent some of the allegations of paragraph 27 refer to written documents, those documents speak for themselves.

28. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 28 and leaves Plaintiffs to their proof.

29. Defendant denies that there are three currently available COVID-19 vaccines. Answering further, Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 29 and leaves Plaintiffs to their proof.

30. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 30 and leaves Plaintiffs to their proof.  Answering further, the quotes in paragraph 30 relate to a written document, which speaks for itself.

31. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 31 and leaves Plaintiffs to their proof.

32. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 32 and leaves Plaintiffs to their proof.  Answering further, the quotes referenced in paragraph 32 refer to written documents, which speak for themselves.

33. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 33 and leaves Plaintiffs to their proof.

34. The quote in paragraph 34 refers to a written document, which speaks for itself. Answering further, Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 34 and leaves Plaintiffs to their proof.

35. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 35 and leaves Plaintiffs to their proof.

36. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 36 and leaves Plaintiffs to their proof. Answering further, the quotes in paragraph 36 refer to written documents, which speak for themselves.

37. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 37 and leaves Plaintiffs to their proof.

38. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 38 and leaves Plaintiffs to their proof. Answering further, the quotes in paragraph 38 refer to written documents, which speak for themselves.

39. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 39 and leaves Plaintiffs to their proof. Answering further, the quotes in paragraph 39 refer to written documents, which speak for themselves.

40. Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 40 and leaves Plaintiffs to their proof.

41. Denied.

42. The allegations contained in paragraph 42 are vague and ambiguous as to reasonable alternatives and, therefore, Defendant denies same.

**Wrongful Denial of Accommodation**

43. Paragraph 43 refers to a written document, which speaks for itself.

44. Denied.  Answering further, Defendant states that the exemption denial letters, being in writing, speak for themselves.

45. Denied.  Answering further, Defendant states that unless a decision was based on inaccurate information at the time a decision was made, the religious exemption decision was not appealable.

46. Defendant states that paragraph 46 calls for expert analysis and thus, Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 46.  Answering further, paragraph 46 refers to written documents, which speak for themselves.

47. The allegations set forth in this paragraph call for a legal conclusion to which no response is required. Answering further, to the extent paragraph 47 refers to written documents, those documents speak for themselves.

48. Defendant states that paragraph 48 calls for expert analysis and thus, Defendant is without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 48 and leaves Plaintiffs to their proof.  Answering further, to the extent paragraph 48 refers to written documents, those documents speak for themselves.

49. Denied.

50. Defendant is without information or knowledge sufficient to form a belief as to Plaintiffs' allegation in paragraph 50.

51. Denied.

**CLASS ALLEGATIONS**

52. The allegation set forth in this paragraph merely characterizes the action, and, therefore, no response is required. Answering further, Defendant states that it removed this action from the Massachusetts Superior Court to the United States District Court for the District of Massachusetts on February 2, 2023.

53. Defendant is without information or knowledge sufficient to form a belief as to what Plaintiffs seek. Answering further, Defendant denies that Plaintiffs can represent the class as described in paragraph 53.

54. Denied that Defendant employees 15,000 people.  Answering further, Defendant is without information or knowledge sufficient to form a belief as to what Plaintiffs believe the putative class size is.  Defendant denies that this matter is suitable for class certification.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**COUNT I**
**(Title VII Violation)**
**42 U.S.C. § 2000e,** *et seq.*

59. Defendant repeats and restates its responses to paragraphs 1 through 58 of its Answer as if fully set forth herein.

60. The allegation set forth in this paragraph calls for a legal conclusion to which no response is required.

61. Denied as to Plaintiff Thomas.  Defendant is without information or knowledge sufficient to form a belief as to the beliefs of the remaining Plaintiffs.

62. Defendant admits that Plaintiff Thomas informed Defendant of certain beliefs and requested a religious exemption from the vaccine policy.  Defendant denies the remaining allegations in paragraph 62.

63. Denied.

64. Denied.

65. Denied.

66. The allegations set forth in this paragraph call for legal conclusions to which no response is required.

67. The allegation set forth in this paragraph calls for a legal conclusion to which no response is required.

68. The allegations set forth in this paragraph call for legal conclusions to which no response is required.

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to the relief requested.

### COUNT II
### (Religious Discrimination)
### M.G.L. c. 151B

69. Defendant repeats and restates its responses to paragraphs 1 through 68 of its Answer as if fully set forth herein.

70. The allegation set forth in this paragraph calls for a legal conclusion to which no response is required.

71. Denied as to Plaintiff Thomas. Defendant is without information or knowledge sufficient to form a belief as to the beliefs of the remaining Plaintiffs.

72. Defendant admits that Plaintiff Thomas informed Defendant of certain beliefs and requested a religious exemption from the vaccine policy. Defendant denies the remaining allegations in paragraph 72.

73. Denied.

74. Denied.

75. Denied.

76. The allegations set forth in this paragraph call for legal conclusions to which no response is required.

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to the relief requested.

## PRAYER FOR RELIEF

77. Defendant denies that this action should be certified.

78. Defendant denies that Plaintiffs are entitled to the relief requested, or any other relief.

79. Defendant denies that Plaintiffs are entitled to the relief requested, or any other relief.

## JURY DEMAND

Defendant demands a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages, if any, are limited due to their failure to mitigate damages and/or successful mitigation of damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, resulted from their own conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Defendant's actions were all taken in good faith.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not comply with statutory prerequisites to bringing this action.

## SIXTH AFFIRMATIVE DEFENSE

All actions by Defendant were taken for legitimate, non-discriminatory, non-retaliatory reasons and in compliance with the mandates of the Department of Health and Human Services for facilities receiving Medicare or Medicaid reimbursement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to exhaust administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot satisfy the requirements under Fed. R. Civ. P. 23 and this case may not be maintained as a class action because the named Plaintiffs are not similarly-situated to other class members nor are otherwise adequate representatives for the persons whom they purport to represent.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the requirements under Fed. R. Civ. P. 23 and this case may not be maintained as a class action because an independent and individualized analysis of each of Plaintiffs' and the purported class members' claims and Defendant's defenses to such claims is required.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the requirements under Fed. R. Civ. P. 23 and this case may not be maintained as a class action because Plaintiffs cannot adequately and fairly protect the interests of the purported class.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the requirements under Fed. R. Civ. P. 23 and this case may not be maintained as a class action because Plaintiffs' claims nor Defendant's defenses are not typical of the claims and defenses of the purported class.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to raise additional affirmative defenses following discovery.

**WHEREFORE**, Defendant states that Plaintiffs are not entitled to any relief sought in the Amended Class Action Complaint and respectfully requests (i) that Plaintiffs' request for class certification be denied; (ii) that judgment be entered in Defendant's favor; (iii) that the Court award Defendant all costs and fees incurred in defending this action; and (iv) that the Court award Defendant such other relief as the Court deems just and proper.

        UMASS MEMORIAL MEDICAL CENTER, INC.,

        By its attorneys,

        */s/ Robert L. Kilroy*
        Robert L. Kilroy, BBO #636853
        Amanda M. Baer, BBO #681386
        Massiel L. Sanchez, BBO #699260
        Ashlyn E. Dowd, BBO #707121
        Mirick, O'Connell, DeMallie & Lougee, LLP
        1800 West Park Drive, Suite 400
        Westborough, MA  01581-3926
        Phone: 508.860.1464
        Fax:    508.983.6264
        rkilroy@mirickoconnell.com
        abaer@mirickoconnell.com
        msanchez@mirickoconnell.com
        adowd@mirickoconnell.com

Dated: February 9, 2023

## CERTIFICATE OF SERVICE

       I, Robert L. Kilroy, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day. Specifically, I hereby certify that I have this day served a copy of the foregoing document by emailing a copy to Plaintiffs' counsel, Ryan P. McLane, Esq. at ryan@mclanelaw.com.

*/s/ Robert L. Kilroy*
Robert L. Kilroy, Esq.

Dated: February 9, 2023